## Richmond

### · MICHAEL ANGELO SMITH V. COMMONWEALTH OF VIRGINIA

October 7, 1977.

Record No. 770133.

Present: All the Justices.

*Andrew W. Wood* (*Wood, Schmidt & Johnson,* on brief), for plaintiff in error.

*James E. Kulp, Assistant Attorney General* (*Anthony F. Troy, Attorney General,* on brief), for defendant in error.

Per Curiam.

Appealing his conviction of robbery, the defendant, Michael Angelo Smith, assigns as error the refusal of the trial court to instruct the jury to receive "with great caution" the testimony of an accomplice. Finding this refusal erroneous, we reverse.

The evidence shows that in the early morning hours of June 22, 1976, William Phillips was watching television in the living room of his boarding house in the City of Richmond. An acquaintance, Loretta Holland, entered the room and engaged Phillips in conversation. She asked Phillips to "let [her] out the back door" because "something [was] going on in the neighborhood." Acceding to her request, Phillips accompanied the woman to the rear of the house. While he stood in the open doorway talking to her, he observed two men in the yard. One of the men approached Phillips, grabbed him by the arm, and shoved him to the ground. Both men "wrestled" Phillips' wallet from him and then, accompanied by Loretta Holland, fled through an alley.

Phillips was unable to identify either of the male robbers. Testifying for the Commonwealth, however, Loretta Holland stated that, before the robbery, she had met the defendant and Tim Robinson on the street. The two men, she said, asked her to "go in [Phillips' boarding] house and try to hold a small conversation with him and after the conversation to ask him to let [her] out his back door where they could rob him." It was agreed, Holland stated, that, if "they got any money" from Phillips, "they were going to split it three ways."

In her testimony, Holland identified the defendant as the assailant who had grabbed Phillips. She stated further that she had observed the defendant "on top of [Phillips] trying to get his wallet."

The defense was alibi. According to the defendant and his witnesses, he was "over [at his] father's" home, some distance away, when the robbery occurred.

In the recent case of *Dillard* v. *Commonwealth*, 216 Va. 820, 224 S.E.2d 137 (1976), we said:

> "[T]he test in determining whether [a cautionary accomplice instruction] should be granted is: does the evidence support the instruction? Cautionary accomplice instructions . . . deal with a lack of evidence, evidence of a corroborative nature. The test, therefore, in determining whether a cautionary instruction should be granted becomes this: is corroborative evidence lacking? If it is, the instruction should be granted; if it is not lacking, the instruction should be refused . . . ." 216 Va. at 822, 224 S.E.2d at 139.

We indicated in *Dillard* that a cautionary instruction may be refused only if "the testimony of an accomplice is corroborated in material facts which tend to connect the accused with the crime." And we said that, while the corroborative evidence need not constitute " 'independent evidence which supports the alleged ultimate fact' that the accused committed the offense charged," the corroboration must be "sufficient to warrant the jury in crediting the truth of the accomplice's testimony." 216 Va. at 823, 824, 224 S.E.2d at 140.

In the present case, Loretta Holland was an admitted accomplice, and her testimony directly implicated the defendant in the robbery of Phillips. Yet, Phillips was unable to identify the defendant as one of his assailants, and no other evidence tended to connect the defendant with the crime. Thus, the accomplice's testimony was not sufficiently corroborated, and it was error to refuse a cautionary instruction.*

Accordingly, the judgment of the trial court will be reversed, and the case will be remanded for a new trial.

*Reversed and remanded.*

---

*The instruction offered by the defendant was not in proper form. It would have told the jury that it should receive "with great caution . . . the supported or unsupported testimony of an accomplice." If an accomplice's testimony is supported, a jury should not be cautioned with respect to its reception. A proper instruction should refer only to the *unsupported* testimony of an accomplice. In the present case, however, the instruction was not refused because of any defect in form.